UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RANDY THORNTON,
    Plaintiff,
v.

EQUIFAX INFORMATION SERVICES, LLC,
a Georgia corporation, and
GE CAPITAL RETAIL BANK
a foreign corporation,
jointly and severally,
    Defendants.
_____/

**COMPLAINT AND JURY DEMAND**

**NOW COMES THE PLAINTIFF THROUGH COUNSEL, NITZKIN AND ASSOCIATES, BY GARY D. NITZKIN**, and for his Complaint against the Defendants, plead as follows:

**JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

**VENUE**

3. The transactions and occurrences which give rise to this action occurred in Genessee County.

4. Venue is proper in the Eastern District of Michigan.

1

# PARTIES

5. The Defendants to this lawsuit are:

   a. Equifax Information Services, LLC which is a Georgia company that maintains a registered agent in Ingham County; and

   b. GE Capital Retail Bank which is a foreign company.

# GENERAL ALLEGATIONS

6. This FCRA case involves the false reporting of late payments on a GE Capital Retail Bank/Lumber Liquidators account with account number 603461160090XXXX ("Errant Trade Line") on Plaintiff's Equifax credit report.

7. On or about June 4, 2013, Plaintiff, through Michigan Consumer Credit Lawyers, sent Equifax and Trans Union a dispute letter. In this dispute letter he disputed two accounts as follows:

   a. With respect to the Errant Trade Line, he stated that GE was reporting it as 120 days late in October 2010. This is false as Plaintiff was never late in making his payments on this account. This account was paid in full and closed. He attached Plaintiff's affidavit confirming the same.

   b. GE Capital Retail Bank/Lumber Liquidators, account number: 603461160013XXXX. Regarding this account, he stated that Trans Union and Equifax were reporting this account on Plaintiff's credit reports as "Lost or stolen card." He indicated that Plaintiff never opened this account and that the account

did not belong to him. He asked both Trans Union and Equifax to remove this trade line from Plaintiff's credit report.

8. On or about June 28, 2013, Equifax sent Plaintiff results of their respective investigations. Equifax reported the Errant Trade Line as belonging to Plaintiff and as being reported correctly. Plaintiff's Equifax credit report now states, "Pays as Agreed." However, under the Account History with Status Codes section of these results, it states "4" under October 2010, which means that they are still reporting this account as 120 days past due in October 2010. It is also not being reported as a closed account.

9. With respect to the GECRB/Lumber Liquidators, account number: 603461160013XXXX, Equifax stated "This item has been deleted from the credit file."

## COUNT I

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GE CAPITAL RETAIL BANK

10. Plaintiff realleges the above paragraphs as if recited verbatim.

11. After being informed by all three Credit Reporting Agencies of the Plaintiff's consumer dispute to the Errant Trade Line, GE Capital Retail Bank negligently failed to conduct a proper reinvestigation of the plaintiff's dispute as required by 15 USC 1681s-2(b).

12. GE Capital Retail Bank negligently failed to review all relevant information available to it and provided by each credit reporting agency in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct all of the credit reporting agencies to remove the Errant Trade Line.

13. The Errant Trade Line is inaccurate and creating a misleading impression on the Plaintiff's consumer credit file with each credit reporting agency to which it is reporting such trade line.

14. As a direct and proximate cause of GE Capital Retail Bank's negligent failure to perform its duties under the FCRA, the plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

15. GE Capital Retail Bank is liable to the plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

16. The Plaintiff has a private right of action to assert claims against GE Capital Retail Bank arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant GE Capital Retail Bank for damages, costs, interest and attorneys' fees.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GE CAPITAL RETAIL BANK

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. After being informed by all three Credit Reporting Agencies that the plaintiff disputed the accuracy of the information it was providing, GE Capital Retail Bank willfully failed to conduct a proper reinvestigation of the Plaintiff's dispute.

19. GE Capital Retail Bank willfully failed to review all relevant information available to it and provided by each such credit reporting agency as required by 15 USC 1681s-2(b).

20. As a direct and proximate cause of GE Capital Retail Bank's willful failure to perform its respective duties under the FCRA, the plaintiff has suffered damages, mental anguish, suffering, humiliation and embarrassment.

21. GE Capital Retail Bank is liable to the Plaintiff for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against GE Capital Retail Bank for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

### COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX.

22. Plaintiff realleges the above paragraphs as if recited verbatim.

23. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff as that term is defined in 15 USC 1681a.

24. Such reports contained information about the Plaintiff that was false, misleading and inaccurate.

25. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to the Plaintiff, in violation of 15 USC 1681e(b).

26. After receiving the Plaintiff's consumer dispute to the Bogus Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

27. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

28. Equifax is liable to the plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

### COUNT IV

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX.

29. Plaintiff realleges the above paragraphs as if recited verbatim.

30. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding the plaintiff as that term is defined in 15 USC 1681a.

31. Such reports contained information about plaintiff that was false, misleading and inaccurate.

32. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to the plaintiffs, in violation of 15 USC 1681e(b).

33. After receiving the Plaintiff's consumer dispute to the Bogus Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

34. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, the Plaintiff has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

35. Equifax is liable to the Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

July 30, 2013  /s/ Gary Nitzkin
GARY D. NITZKIN (P 41155)
TRAVIS SHACKELFORD P68710
NITZKIN & ASSOCIATES
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 213-6397
Email – gnitzkin@creditor-law.com